PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EMPIRE TITLE SERVICES, INC., *etc.*, ) | |
| ) | CASE NO. 1:10CV2208 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| FIFTH THIRD MORTGAGE COMPANY, ) | |
| *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 23] |

Pending is Plaintiff's Motion [for Leave] to Amend and for Reconsideration of Order of Dismissal (ECF No. 23) pursuant to Fed. R. Civ. P. 59(e), 60(b), and 15(a)(2). Plaintiff attached to the motion the proposed First Amended Class Action Complaint (ECF 23-2), as well as a redlined version (ECF No. 23-3).[1] The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. For the reasons set forth below, the Court grants the Motion for Leave to Amend.

**I.**

On September 30, 2010, Plaintiff filed a class action civil Racketeer Influenced and Corrupt Organizations Act ("RICO") Complaint (ECF No. 1) against Defendants pursuing six claims:  two under 18 U.S.C. § 1962(a) (Counts I and II); two under 18 U.S.C. § 1962(c) (Counts

---

[1] Plaintiff contends that the proposed amended pleading adds specific, detailed allegations to cure the pleading deficiencies discussed by the Court in the Memorandum of Opinion and Order (ECF No. 21); *Empire Title Services, Inc. v. Fifth Third Mortg. Co.*, 2013 WL 1337629 (N.D. Ohio March 29, 2013). ECF No. 23-1 at PageID #: 341.

(1:10CV2208)

III and IV); and two under 18 U.S.C. § 1962(d) (Counts V and VI). Defendants filed a Motion to Dismiss (ECF No. 13), and briefing closed in January 2011.[2] Even though Defendants' motion identified various deficiencies in the Complaint (ECF No. 1), including deficiencies under Fed. R. Civ. P. 9(b), Plaintiff chose not to seek leave to amend. Plaintiff did, however, state in its memorandum in opposition: "To the extent that any portion of the Complaint is deemed insufficient, any dismissal should be without prejudice and Plaintiff should be permitted to amend." ECF No. 17 at PageID #: 220.

After rejecting many of the arguments in Defendants' Motion to Dismiss (ECF No. 13), and noting that "Plaintiff successfully maneuvered many of the challenges pleaded by Defendants," ECF No. 21 at PageID #: 330, in March 2013 the Court dismissed the Complaint (ECF No. 1) on the ground that Plaintiff did not allege mailings or wire transmissions incident to the RICO scheme to defraud with particularity under Rule 9(b). The Court held that Plaintiff failed to allege that the alleged § 1962(a) violations caused it any direct injury. Accordingly, the Court dismissed Plaintiff's § 1962(a) claims (Counts I and II), as well as its § 1962(d) claims (Counts V and VI), which alleged a conspiracy to violate § 1962(a). ECF No. 21 at PageID #: 319-21 and 324-25. As to the § 1962(c) claims (Counts III and IV), the Court held that Plaintiff failed to allege the predicate mail and wire fraud offenses with particularity, as Rule 9(b) requires in civil RICO cases. ECF No. 21 at PageID #: 325-29. The Court stated:

> However, in the only instance of specific details purportedly constituting mail or wire fraud, the Powers transaction, the Complaint also fails to allege that the

---

[2] On January 20, 2011, the above-entitled action was reassigned from Judge Patricia A. Gaughan to the undersigned pursuant to General Order 2011-4.

(1:10CV2208)

>HUD-1 form was mailed or transmitted by wire to the Powers.  The Complaint adequately states the date that the Powers received the allegedly fraudulent documents, including the HUD-1 form, on March 24, 2009.  ECF No. 1 at 21, at ¶74.  But Empire does not allege that the documents were sent to the Powers; rather, it implies that the documents were handed to Powers at their home, at the time of the closing.  ECF No. 1 at 21-22, ¶75.  Instead, to satisfy the mailing requirement, Empire appears to allege that there are other documents that Fifth Third sent through the mails and wires that caused the HUD-1 forms to be presented to the borrowers.  But Empire has not identified these other documents nor the time, place, content, and parties to those supposed communications.  *See Beard v. Worldwide Mortg. Corp.*, 354 F.Supp.2d 789, 802 (W.D. Tenn. 2005) ("Loose references to mailings and telephone calls in furtherance of a purported scheme to defraud will not do." (quoting *Jepson Inc. v. Makita Corp.*, 34 F.3d 1321, 1328 (7th Cir. 1994))).  In short, the Complaint piggybacks unidentified mailed and wired documents onto the one identified but un-mailed or transmitted by wire HUD-1 form, in an effort to satisfy the pleading with particularity requirement inherent in mail and wire fraud.  Empire does not cite legal authority upon which such a theory may comfortably rest.  The heightened pleading requirements of Rule 9(b) are, therefore, not satisfied, and the complaint must be dismissed.

ECF No. 21 at PageID #: 328-29 (footnote omitted).  In addition, the Court held that Plaintiff's allegations did not support § 1962(c) claims based upon transportation of money predicates.

ECF No. 21 at PageID #: 324.  The Court also contemporaneously entered a Judgment Entry (ECF No. 22) and closed the case.

Rather than appealing to the United States Court of Appeals for the Sixth Circuit, Plaintiff timely[3] moves this Court to reopen the case and for leave to amend its complaint or, in the alternative, for reconsideration of the Court's determination that Plaintiff failed to satisfy

---

[3] Here, the Court's Judgment Entry (ECF No. 22) dismissing the case was entered on March 29, 2013, and the within motion was filed within 28 days from that date—both within the prescribed period of Fed. R. Civ. P. 59(e), and within the reasonable time period of Fed. R. Civ. P. 60(c).  Under Fed. R. Civ. P. 15(a)(2), a complaint may be amended at any time with leave of court.

3

(1:10CV2208)

Rule 9(b) in the original complaint.  According to Defendants, Plaintiff's motion challenges only the Court's ruling regarding the § 1962(c) claims, and challenges only that portion of the ruling addressing Rule 9(b).  *See* ECF No. 25 at PageID #: 468.

## II.

Underscoring the strong preference for deciding cases on the merits, the Sixth Circuit has held that it is not appropriate to dismiss even improperly pled claims with prejudice without giving the party an opportunity to correct the pleading deficiency.  As Plaintiff correctly notes, "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003) (internal citations and quotation marks omitted).  ECF No. 23-1 at PageID #: 351 n. 3.  Here, the Court previously dismissed the entire action where Plaintiff had not previously amended the complaint. Thus, Plaintiff did not have its "one chance" to amend its complaint to allege specific, individualized mailings and wire transmissions undertaken in furtherance of the RICO scheme to defraud.  The memorandum in support of the within motion (ECF No. 23-1 at PageID #: 343 -47) describes "the highly detailed, specific, and individual allegations of mailings and wirings undertaken in furtherance of the scheme to defraud" included in the proposed First Amended Class Action Complaint (ECF 23-2).  ECF No. 27 at PageID #: 485.  *See Foman v. Davis*, 371 U.S. 178, 182, (1962) (holding the Court of Appeals erred in affirming the district court's denial of plaintiff's motions to vacate the judgment and to amend the complaint).

4

(1:10CV2208)

In other contexts where particularity in pleading fraud is required, courts have recognized that "leave to amend is particularly appropriate where the complaint does not allege fraud with particularity." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002) (securities case) (citing *Chill v. General Elect. Co.*, 101 F.3d 263, 271 (2d Cir.1996) (holding that "[i]n general, '[l]eave to amend should be freely granted, especially where dismissal of the complaint was based on Rule 9(b),' and 'there must be good reason to deny the motion.'") (quoting *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995)). *See also Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986) ("Complaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend.") (quoting 2A J. Moore & J. Lucas, *Moore's Federal Practice*, ¶9.03 at 9-34 (2d ed. 1986)); *id.* at 56-57 ("In opposing defendants' motion to dismiss, plaintiffs specifically requested leave to amend should dismissal be granted, and we believe the dismissal of the complaint without granting leave to amend was an abuse of discretion.") (citing *Foman*, 371 U.S. at 182); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006) (district court has supervisory obligation to order repleading *sua sponte* under Fed. R. Civ. P. 12(e) when complaint is insufficient under Fed. R. Civ. P. 9); *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (reversing district court's denial of Plaintiff's post-dismissal request to file a third amended complaint in action against lender that alleged violations of Truth in Lending Act (TILA)).

Observing that "federal courts must be liberal in allowing parties to amend their complaints," the Sixth Circuit in *U.S. ex rel. Bledsoe* remanded the case, which was dismissed for failure to comply with Rule 9(b) where amendment was not requested prior to dismissal, in

5

(1:10CV2208)

order to permit amendment. 342 F.3d at 645. Indeed, the Sixth Circuit has specifically remanded RICO cases directing that leave to amend be granted to permit repleading with additional specificity. *See Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 887 (6th Cir. 1990) (holding that plaintiff's motion for leave to amend the complaint, filed after judgment pursuant to Fed.R.Civ.P. 59(e), should have been granted).[4]

Defendants argue that even after they identified in their Motion to Dismiss (ECF No. 13) the shortcomings in the Complaint (ECF No. 1), Plaintiff chose not to seek leave to amend. Instead, it rested on its existing complaint, and remained steadfast in this choice during the time that Defendants' motion was pending. Only now, *after* the Court has dismissed the Complaint (ECF No. 1) and entered judgment, has Plaintiff reconsidered. ECF No. 25 at PageID #: 467, 473, 475, and 476. Defendants contend that discovery in two Real Estate Settlement Procedures Act (RESPA) class actions previously filed against Defendants[5] was completed before the briefing on its motion to dismiss in the case at bar closed. Therefore, Plaintiff had well over two years to seek leave to amend, and there is no reason why the proposed First Amended Complaint (ECF No. 23-2) was not submitted earlier. ECF No. 25 at PageID #: 469-70. However, in order to deny leave to amend for undue delay, Defendants must show prejudice. *See Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986) (per curiam) ("requirement of at least some

---

[4] Defendants' memorandum in opposition (ECF No. 25) does not mention, let alone distinguish, *Dana Corp.*

[5] *Toldy v. Fifth Third Mortgage Company*, No. 1:09CV0377 (N.D. Ohio filed Feb. 18, 2009) (Wells, J.) and *Powers v. Fifth Third Mortgage Company*, No. 1:09CV2059 (N.D. Ohio filed Sept. 3, 2009) (Wells, J.)—the latter of which was litigated by the some of the same counsel as in the case at bar.

(1:10CV2208)

significant showing of prejudice to the opponent"). Since Defendants do not demonstrate prejudice, the delay in filing the amendment is not a proper ground for denial of leave to amend. *Dana Corp.*, 900 F.2d at 888. Furthermore, in *Brown v. Matauszak*, 415 Fed. Appx. 608 (6th Cir. 2011), a *pro se* § 1983 civil rights action filed by a state prisoner, the Sixth Circuit recognized that "at least three circuits have held that if a complaint is vulnerable to a motion to dismiss, a district court must first permit the plaintiff to file a curative amendment, *even if* the plaintiff does *not* seek leave to amend." *Id.* at 615 (emphasis in original).

### III.

Plaintiff's Motion [for Leave] to Amend is granted to allow Plaintiff to comply with Rule 9(b) by amending the § 1962(c) claims asserted in the original complaint. Plaintiff's alternative Motion for Reconsideration of Order of Dismissal is denied as moot. This case shall be reopened on the Court's active docket. Plaintiff shall serve and file its First Amended Class Action Complaint within seven (7) days of the date on which this Order is entered.

IT IS SO ORDERED.

| | |
|---|---|
| March 31, 2014 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |